### In the MATTER OF Clay STATMORE, Debtor.

### Bankruptcy No. BK92–40243.

United States Bankruptcy Court, D. Nebraska.

July 28, 1994.

Clay B. Statmore, pro se.

Kathleen A. Laughlin, Chapter 13 Trustee.

Patricia A. Dugan, Asst. U.S. Trustee.

### *MEMORANDUM AND ORDER*

JOHN C. MINAHAN, JR., Bankruptcy Judge.

This case is before the court to consider motions filed by the United States Bankruptcy Trustee requesting that sanctions be imposed against Mr. Clay B. Statmore and that he be compelled to provide an accounting (Fils. # 164 and # 172). Prior to the hearing Mr. Clay B. Statmore was provided notice that he shall attend the hearing and show cause why he should not be suspended from practice before this court, or other civil sanctions imposed, for his failure to disgorge attorney fees.

At the hearing, Mr. Statmore appeared on his own behalf. Ms. Patricia Dugan and Mr. Sam King appeared on behalf of the United States Bankruptcy Trustee. I conclude that the Trustee's Motion for Sanctions (Fil. # 164) is sustained. Attorney Clay B. Statmore is suspended from practice before the Bankruptcy Courts for the District of Nebraska, until he disgorges attorney fees. The Motion to Compel an Accounting (Fil. # 172) is denied.

### *FACTS*

Mr. Clay Statmore received undisclosed payments in violation of the Bankruptcy Code from bankruptcy debtors in several Chapter 11 cases. After notice and hearing, Mr. Statmore was ordered to disgorge fees illegally paid to him in the following bankruptcy cases: `Erick and Gwen Erickson, BK86–844; E & K Erickson Farms, Inc., BK86–852; E & K Erickson Farms, Ltd., BK86–845; George and Dorothy Johnson, BK89–40146; and Kenneth and Mary Lou Martensen, BK86–1295.

After the disgorgement orders were entered, Mr. Statmore, as bankruptcy debtor, filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 14, 1992. A problem arose in that case as to how Mr. Statmore would treat his obligations to disgorge attorney fees under his Chapter 13 plan. On October 30, 1992, Mr. Statmore and the United States Bankruptcy Trustee entered into a settlement agreement providing for how the disgorgement obligations would be treated in a Chapter 13 plan. (See Fil. # 71). I approved the settlement agreement, subject to specified terms and conditions. Within a few days after approval of the settlement agreement, Mr. Statmore converted the Chapter 13 case to a liquidation case under Chapter 7 of the Bankruptcy Code. The previous order approving the Chapter 13 settlement agreement was vacated as moot due to the conversion of the case to Chapter 7.

In the Chapter 7 case, Mr. Statmore voluntarily entered into another settlement agreement with the United States Trustee dealing with the disgorgement obligations. (Fil. # 113). In pertinent part, the Chapter 7 settlement agreement provided:

1) Proof of claims were to be filed on behalf of the disgorgement claimants in the amount of $4,500.00 for Erick and Gwen Erickson, in the amount of $5,000.00 for George and Dorothy Johnson, in the amount of $3,500.00 for Margaret Vance, and in the amount of $2,650.00 for Kenneth and Mary Lou Martensen.

2) Mr. Statmore was to file a written waiver of discharge of the disgorgement obligations.

3) Mr. Statmore was to make monthly payments to the disgorgement claimants until 85% of the amount of their claims were paid in full. The settlement agreement specified the dollar amount of the payments to be $118.24, $107.15, $81.29 and $62.82 respectively, for a total of $369.50 per month. Mr. Statmore was required to begin making monthly payments within seven days after the settlement agreement was approved by the court.

4) If Mr. Statmore failed to make the agreed payments when due, the disgorgement claimants could declare the entire unpaid balance of Mr. Statmore's obligation due and payable and pursue their rights and remedies under applicable bankruptcy or non-bankruptcy law.

5) Limitations were placed upon Mr. Statmore's rendition of legal services in Chapter 11 and Chapter 12 bankruptcy cases and the amount he could be paid before filing a Chapter 13 case was restricted.

6) The force and effect of the settlement agreement is explicit:

This settlement agreement shall have the same force and effect as an Order of Disgorgement which requires Mr. Statmore to disgorge fees in accordance with this settlement. Mr. Statmore's failure to make payments when due under this settlement agreement shall constitute a failure to disgorge funds and a failure to comply with this settlement agreement. Further, Mr. Statmore's failure to comply with any of the aforementioned provisions of this settlement or with the provisions of the bankruptcy code relating to professional employment and compensation shall constitute contemptuous conduct and the United States Trustee may request the court to sanction Mr. Statmore or to hold Mr. Statmore in contempt pursuant to Fed.Bankr.R. 9020 based upon Mr. Statmore's failure to comply with these items. As a sanction for failure to comply with this settlement agreement or the provisions of the bankruptcy code relating to professional employment and compensation, the Bankruptcy Court may suspend Mr. Statmore from practice before the Bankruptcy Courts in the District of Nebraska. The language of this agreement, however, shall in no way be construed to limit the authority of the Bankruptcy Court, nor shall it be construed to excuse Mr. Statmore from making fee applications pursuant to the Bankruptcy Code and Rules.

The settlement agreement was approved by the court after notice and hearing. Mr. Statmore duly filed a written waiver of discharge with respect to the disgorgement obligations

which was approved by the bankruptcy court. (See Fil. # 117 and # 155).

Mr. Statmore is in default under the settlement agreement, and concedes that he has not made any of the payments required by the settlement agreement. In addition to requesting that sanctions be imposed on Mr. Statmore, the United States Trustee previously requested that Mr. Statmore provide an accounting of all his income and expenses between September 3, 1993 and March 16, 1994 (Fil. # 172). Mr. Statmore has failed to provide an adequate accounting to the Office of the United States Trustee, however, he has provided some information as to his income and expenses.

Mr. Statmore continues to represent debtors in bankruptcy cases pending before the Bankruptcy Courts for the District of Nebraska.

### DISCUSSION

There are two aspects to this case. The first is a simple collection matter. Mr. Statmore owes money to the disgorgement claimants, and he has failed to make payments when due. Under the terms of the settlement agreement each of the disgorgement claimants has an adequate remedy at law in that they may accelerate all amounts due and payable to them and they may sue Mr. Statmore in an appropriate court after obtaining relief from the automatic stay.

The second aspect in this case is Mr. Statmore's misconduct as an officer of the bankruptcy court. Mr. Statmore has repeatedly failed to abide by court orders and by his settlement agreements. Mr. Statmore was ordered to disgorge fees and he failed to refund money to his former clients. He then filed a Chapter 13 bankruptcy case and was therein provided an opportunity to enter into a settlement agreement providing for payment of his disgorgement obligations. He knowingly and voluntarily negotiated a settlement agreement which was filed, in the Chapter 13 case, and approved by the bankruptcy court subject to specified conditions. Subsequently, Mr. Statmore converted the Chapter 13 bankruptcy case to a case under Chapter 7, and he entered into a new settlement agreement providing for payment of the disgorgement amounts. Mr. Statmore then failed to make payments when due under the Chapter 7 settlement agreement. Throughout this time period, from before entry of the disgorgement orders up to today's date, Mr. Statmore has continued to practice before the Bankruptcy Courts for the District of Nebraska and to receive compensation for his bankruptcy related services.

Mr. Statmore is bound by the settlement agreement, and it is appropriate to impose the sanctions contemplated by that agreement, namely that Mr. Statmore be suspended from practice before this court for defaulting under the agreement. Accordingly, Mr. Statmore will be suspended from practice before the Bankruptcy Court in the District of Nebraska until such time as he has paid the disgorgement claimants in full.

Suspension from practice before this court is a harsh sanction. However, I believe it is warranted in this situation. First, the failure to comply with the Bankruptcy Code or Rules provisions regarding the retention and compensation of professionals is a very serious matter. As an attorney licensed to practice law, and as an officer of the court, Mr. Statmore has the recognized duty to strictly abide by the law and to comply with court orders. Mr. Statmore, in first instance, failed to comply with laws governing the retention and compensation of attorneys, and then, upon being ordered to disgorge fees, he has failed to make any payments whatsoever! This is a matter of utmost seriousness. Bankruptcy Judge Lee Jackwig recently found attorney Joel L. Klausen in criminal contempt for violating court order requiring disgorgement of fees. See *Matter of Langebartels,* No. 92–01636 (Bankr.S.D.Ia. June 1, 1994).

Second, Mr. Statmore should not be permitted to enjoy the financial benefits of the practice of law before the bankruptcy court unless he discharges and accepts the burdens that practice entails—he must comply with the Bankruptcy Code and obey court orders.

Third, Mr. Statmore has used the bankruptcy laws to delay and postpone the disgorgement of fees by filing a case in which he himself is a bankruptcy debtor. Mr. Stat-

more then negotiated stipulation agreements in both his Chapter 13 and Chapter 7 cases which he breached.

Fourth, the sanctions imposed by this order were specifically agreed to by Mr. Statmore during the pendency of this Chapter 7 case, at which time he was presumably aware of his ability or inability to make payments.

Suspension from practice is warranted and appropriate in this case.

In connection with the hearing on the trustee's motions which are now before the court, Mr. Statmore provided evidence of his limited ability to make payments to the disgorgement claimants. Mr. Statmore is a bankruptcy debtor, he has limited income, and he recently went through a divorce. Mr. Statmore does, in fact, have a limited ability to make payments to the disgorgement claimants, and I have carefully considered this factor in reaching my conclusions. As a result of Mr. Statmore's limited ability to make payments, I have determined that it is not appropriate to cite him with criminal contempt. Rather, I conclude that it is appropriate to impose sanctions against him which are purely civil in nature. Mr. Statmore should not be allowed to flagrantly violate the bankruptcy laws by receiving compensation in violation of the Bankruptcy Code, and yet continue to actively practice before the bankruptcy court without any renumeration to the victims of his illegal conduct. Although Mr. Statmore has a limited ability to pay the disgorgement amounts, he does continue to receive compensation for his legal services and has made no attempt whatsoever to pay his obligations under the settlement agreement. Furthermore, Mr. Statmore was aware of his limited ability to pay at the time he voluntarily agreed to make payments.

In reaching the decision to suspend Mr. Statmore from practice, I have considered the fact this may create a difficulty in a number of cases in which Mr. Statmore currently represents debtors. Some of those cases are Chapter 13 cases in which plans were confirmed over the past three to five years. This problem was addressed during oral arguments, and Mr. Statmore informed the court that he had made arrangements for an attorney to take over his practice and responsibilities in pending bankruptcy cases if he becomes unable to practice before the bankruptcy court.

The request for an accounting is moot. Since this order is in the nature of finding Mr. Statmore in civil contempt, entry and review of this order shall be governed by Bankruptcy Rule 9020.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Clay B. Statmore is hereby suspended from practice before the United States Bankruptcy Courts for the District of Nebraska. Mr. Statmore may continue to appear in this case to represent himself, and may also appear in other cases for the limited purpose of representing himself as an applicant on fee applications for services rendered prior to today.

IT IS FURTHER ORDERED, that Mr. Statmore shall take immediate steps to assure that substitute counsel be available to represent the debtors in cases in which Mr. Statmore currently has entered an appearance for the debtor, and that Mr. Statmore shall formally notify the Clerk of the Bankruptcy Court of the identity of the attorney to whom correspondence and communications should be addressed with respect to pending cases. In those cases where Chapter 13 plans have not been confirmed, Mr. Statmore shall formally withdraw from representation of the debtor and have new counsel formally enter an appearance.

IT IS FURTHER ORDERED, that the court will consider lifting the suspension from practice to permit Mr. Statmore to appear before the bankruptcy court upon the submission of proof to the court that Mr. Statmore has either paid the disgorgement claimants in full, or made arrangement for their repayment satisfactory to this court.

IT IS FURTHER ORDERED, that the Motion to Compel an Accounting (Fil. # 172) is denied.

IT IS FURTHER ORDERED, that further proceedings on this matter shall be governed by Bankruptcy Rule 9020. The Clerk of the Bankruptcy Court for the District of Nebraska shall serve a copy of this order on

Mr. Clay Statmore. This order shall become effective ten (10) days after service of the order, unless objected to pursuant to Bankruptcy Rule 9020(c) and 9033(b).